FILED
JUL - 6 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE VOTEL,<br>7 Hoyle Place<br>Fort Bragg, North Carolina 28307<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case: 1:07-cv-01216<br>Assigned To : Kennedy, Henry H.<br>Assign. Date : 7/6/2007<br>Description: PI/Malpractice |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for her cause of action against Defendant alleges and avers as follows:

### Jurisdiction and Venue

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* The Court is vested with jurisdiction pursuant to 28 U.S.C. § 1346(b).

2. Prior to the institution of this action, Plaintiff filed claims with the United States Department of the Army as required by 28 U.S.C. § 2675(a). The Department of the Army failed to make a final disposition of Plaintiff's claim within six months. Accordingly, Plaintiff has elected to file suit in accordance with 28 U.S.C. § 2675.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(b) because the acts or omissions giving rise to this claim occurred within the District of Columbia.

**General Allegations**

4. Plaintiff Michele Votel currently resides at Fort Bragg, North Carolina.

5. At all times relevant herein, Michele Votel was the dependant spouse of an active duty member of the United States Army.

6. At all times relevant herein, the United States of America owned and operated Walter Reed Army Medical Center (WRAMC) located within the District of Columbia.

7. At all times relevant herein, the agents, servants, employees and personnel of defendant United States of America were acting within the course and scope of their employment in providing medical care and treatment to Michele Votel.

8. On or about April 26, 2005, Michele Votel underwent an elective bilateral sagittal split osteotomy at WRAMC in order to correct an overbite. Upon coming out from under anesthesia, she immediately noted that her tongue felt thick and numb and as if it had experienced a "pizza burn." This information was related to her doctors and other health care providers at WRAMC.

9. On or about April 27, 2005, Michele Votel was discharged from WRAMC on pain medication, antibiotics, and a liquid diet.

10. During the week following her discharge from WRAMC on April 27, 2005, Michele Votel continued to experience significant pain in her tongue, including "thickness" and "burning."

11. On or about May 2, 2005, Michele Votel returned to WRAMC for follow-up at which time she renewed her complaints to her Army doctors, who described in the record her condition to be bilateral lingual paresthesia.

12. On or about May 9, 2005, during her follow-up at WRAMC, Michele Votel advised her doctors of continued tongue "thickness" and "burning." She also complained of increased pain in her right jaw, especially upon opening. She also described having heard a "pop" with extreme pain in her right jaw earlier that week. Examination revealed an anterior open bite with the occlusal splint removed. Hardware failure was suspected. The patient was therefore sedated in the clinic and manipulation of the mandible was attempted to improve occlusion, which was unsuccessful.

13. On or about May 12, 2005, Michele Votel returned to WRAMC for surgery to remove and replace failed hardware. During this procedure, the inion screws on the right side were removed with confirmation that one of the screws had fractured. Screws on the left were also removed. The lower jaw was reattached using new, non-resorbable screws.

14. Subsequent to May 12, 2005, Michele Votel returned on multiple occasions to WRAMC complaining of pain and a foul odor emanating from her mouth. She was assured that her jaw was healing and that everything was fine.

15. On or about June 2, 2005, Michele Votel returned to WRAMC for follow-up. At this visit she renewed her complaints of tongue pain and insisted that her doctors address this problem. She was instructed to return in one week to evaluate her tongue.

16. On or about June 9, 2005, Michele Votel returned as instructed. It was noted in the record that she complained of tongue pain "that has not changed since [her] first BSSO surgery and has not improved since." Michele Votel's doctors prescribed neurontin and referred her to the Orofacial Pain Clinic at Bethesda National Naval Medical Center (BNNMC). They also discussed possible referral for bilateral lingual nerve exploration if no improvement occurred after medical management.

17. On or about June 16, 2005, Michele Votel called her oral surgeons at WRAMC to inform them that the neurontin had not alleviated her pain even though she had increased her dosage as instructed. She requested to stop her neurontin and was advised to taper her dose gradually. She was further advised that Dr. Stone would call Bethesda to get her pain management appointment moved up from June 30, 2005.

18. On or about June 20, 2005, Michele Votel returned to WRAMC. She reported that she had tapered her neurontin down to zero. She reported no change in her tongue "burning." Her doctor's plan was to await her visit with the BNNMC Orofacial Pain Clinic, to discuss her case with Dr. Jacks (an oral surgeon at BNNMC) for possible nerve exploration, and to possibly refer her to the psychiatry service for management.

19. On or about June 23, 2005, Michele Votel was seen by Dr. J. F. Johnson at the BNNMC Orofacial Pain Clinic for her documented tongue pain. Dr. Johnson diagnosed bilateral lingual neuropathy and prescribed several medications and non-invasive treatments. The patient was instructed to inform Dr. Johnson on June 29, 2005, as to the efficacy of his treatments.

20. On or about June 29, 2005, Michele Votel called Dr. Johnson and informed him that his treatments had provided no pain relief. Dr. Johnson discontinued his treatment and referred the patient to Dr. Jacks at the BNNMC Oral and Maxillofacial Surgery Department.

21. On or about July 5, 2005, Michele Votel was examined by Dr. Jacks who diagnosed her as suffering from bilateral lingual nerve dysesthesia and recommended she undergo nerve graft surgery. The patient agreed.

22. On or about August 4, 2005, Dr. Jacks attempted nerve graft surgery on Mrs. Votel. During the procedure he discovered discontinuity of the left lingual nerve. Attempts to repair the nerve were unsuccessful. While attempting to repair the right lingual nerve, Dr. Jacks

discovered a significant infection which required the removal of infected segments of bone. No attempt was made to repair the right lingual nerve. However, the right mandibular hardware was removed.

23. On or about August 4, 2005 after the surgery, Dr. Jacks informed Michele Votel that he would consult with Dr. J. R. Zuniga, a lingual nerve specialist at the University of North Carolina at Chapel Hill. However, nothing could be done for at least six weeks. Michele Votel was discharged that day and given Fentenyl patches for pain relief.

24. On or about August 6, 2005, Michele Votel returned to the BNNMC emergency room with intense pain, fever, and elevated white blood count. She was admitted and diagnosed with infection, dehydration, and malnutrition.

25. On or about August 10, 2005, Michele Votel was discharged from BNNMC on antibiotic therapy.

26. On or about October 26, 2005, Michele Votel underwent surgery at BNNMC. Dr. J. R. Zuniga from the University of North Carolina performed the procedure during which he reconnected the left lingual nerve. The right lingual nerve, however, had been too damaged by infection to be repaired. Dr. Zuniga therefore attached the right lingual nerve to muscle tissue in an effort to relieve pain.

27. Michele Votel continues to experience pain in her tongue and in her right jaw. Her tongue remains numb and her ability to taste is substantially diminished.

## Negligence

28. Michele Marie Votel alleges that government health care providers were negligent during the periods described above in the following respects:

   1. Failing to secure her informed consent to surgery on April 26, 2005.

2.   Negligently performing surgery on April 26, 2005; and

3.   Failing to timely diagnose and appropriately treat the patient's bilateral severed lingual nerves.

**Damages**

29.  As a direct and proximate result of the negligence described above, Michele Marie Votel has sustained, and continues to experience, damages including, but not limited to:

   a.   Physical pain and suffering;

   b.   Mental anguish and emotional distress;

   c.   Loss of enjoyment of life;

   d.   Disruption of spousal society, companionship, and consortium;

   e.   Inconvenience and expense;

   f.   Medical expenses; and

   g.   Economic losses.

WHEREFORE, Plaintiff respectfully requests the Court to issue a judgment in her favor against the United States of America in the amount of $2,500,000 and to award such other relief as is just and equitable under the circumstances.

**Respectfully submitted,**

MICHELE VOTEL

By: _____
Charles M. Allen (DC Bar # M10004)
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060
Phone:   (804) 346-0600
Fax:     (804) 346-5954
E-mail:  callen@goodmanallen.com

# CIVIL COVER SHEET

07-1216
HHK

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Michele Votel

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Cumberland County, NC
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Charles M. Allen
Goodman, Allen & Filetti, PLLC
4501 Highwoods Parkway, Suite 210
Glen Allen, Virginia 23060   Phone: 804-346-0600

## DEFENDANTS
United States of America

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-01216
Assigned To : Kennedy, Henry H.
Assign. Date : 7/6/2007
Description: PI/Malpractice

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⊙ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

⊙ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☒ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**  OR  ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

(2)

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ● 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§ 2671-2680; FTCA medical malpractice action against USA

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 2,500,000.00   Check YES only if demanded in compl:   JURY DEMAND: YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 5 Jul 2007   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

6

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.