UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELE VOTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-1216 (HHK) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER TO THE COMPLAINT

COMES NOW, Defendant, United States of America, by and through the United States Attorney for the District of Columbia, and for its Answer to Plaintiff's Complaint in the above entitled case, answers as follows:

### JURISDICTION, AND VENUE

1. This paragraph contains allegations regarding jurisdiction to which a response is not generally required. To the extent a response is required, Defendant admits that the Federal Tort Claims Act is the proper jurisdictional basis for claims sounding in tort brought against the United States. Whether jurisdiction exists under any of the alleged provisions is a conclusion of law to which no response is required.

2. Admit Plaintiff's administrative claims were filed with the Department of the Army on January 12, 2006, and that this suit was file more than six months after the filing of that claim.

3. Whether venue exists under the alleged provision is a conclusion of law to which no response is required.

## GENERAL ALLEGATIONS

4. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 4.

5. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 5.

6. Admit.

7. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 7.

9. Admit.

10. Defendant has insufficient information to Admit or Deny the allegations of paragraph 10.

11. Admit Plaintiff returned to WRAMC for scheduled follow up appointment on or about May 2, 2005. Deny the remainder of allegations in paragraph 11.

12. Admit Plaintiff returned to WRAMC on or about May 9, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 12.

13. Admit Plaintiff returned to WRAMC on or about May 12, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 13.

14. Deny.

15. Admit Plaintiff returned to WRAMC on or about June 2, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the

allegations in paragraph 15.

16. Admit Plaintiff returned to WRAMC on or about June 9, 2005, and that the medical records reflect she complained of tongue pain "that has not changed since [her] first BSSO surgery and has not improved since." Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 16.

17. Admit Plaintiff called WRAMC on or about June 16, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 17.

18. Admit Plaintiff returned to WRAMC on or about June 20, 2005, but Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 18.

19. Admit Plaintiff was seen by Dr. Johnson on or about June 23, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 19.

20. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 20.

21. Admit that Plaintiff was examined by Dr. Jacks on or about July 5, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 21.

22. Admit that Dr. Jacks performed surgery on thee Plaintiff or about August 4, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 22.

23. Admit that after the surgery by Dr. Jacks, Dr. Jacks informed Plaintiff he would consult with Dr. Zuniga, a lingual nerve specialist at the University of North Carolina at Chapel Hill.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 23.

24. Admit Plaintiff returned to BNNMC emergency room on or about August 6, 3005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 24.

25. Admit Plaintiff was discharged from BNNMC on or about August 10, 2005. Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 25.

26. Admit surgery at BNNMC at the hands of Dr. Zuniga from the University of North Carolina on or about October 36, 3005.  Defendant does not have sufficient knowledge or information to admit or deny the truth of the remainder of the allegations in paragraph 26.

27. Defendant does not have sufficient knowledge or information to admit or deny the truth of the allegations in paragraph 27.

## NEGLIGENCE

28. Deny as to all claims of negligence alleged in Plaintiff's Complaint

## DAMAGES

29. Deny that Defendant is responsible for any and all damages alleged in Plaintiff's Complaint.

**PRAYER FOR RELIEF**

The remainder of the Complaint is Plaintiff's prayer for relief to which no response is required. To the extent a response is required, the Defendant denies that Plaintiff is entitled to the relief requested in the Complaint.

Except to the extent expressly admitted or qualified elsewhere, the Defendant denies each and every allegation in the Complaint. In addition, all the allegations contained in the Complaint not heretofore specifically admitted, modified or denied are hereby generally denied as completely as if separately and specifically denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's cause of action is subject to, and limited by, the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671 et seq.

2. Plaintiffs are not entitled to pre-judgment interest.

3. Plaintiffs are not entitled to any equitable recovery.

4. Plaintiffs may not recover in excess of the amount claimed in their administrative claim.

5. Plaintiff's cause of action is barred by the doctrine of contributory negligence.

6. Plaintiff's cause of action is barred because Plaintiff assumed the risk of by choosing to pursue elective surgery offered to her by her health care providers.

7. The United States is not liable for the acts or omissions of its independent contractors.

8. Defendant's liability, if any, should be reduced in proportion with its percentage of responsibility including but not limited to any and all rights of credit, offset, or contribution that the Defendant may have against the Plaintiff or other Defendant.

9. Defendant is not liable for Plaintiffs' injuries to the extent that another actor or actors' negligence were intervening or new or superceding causes of the alleged injuries.

10. In the unlikely event that the Defendant is found liable for injuries and damages allegedly sustained by Plaintiff, which Defendant denies, then Defendant can only be held liable for its alleged negligence which proximately caused the aggravation of Plaintiff's medical condition and not for her pre-existing condition(s) itself.

11. Plaintiffs' recovery is subject to offset for any amounts already paid by the United States under TRICARE, CHAMPUS, Social Security, MEDICARE, MEDICAID, or other federal program or federal health plan.

12. To the extent that the substantive law of the District of Columbia has limitations (statutory or common law) on the Plaintiff's cause of action or damages, the Plaintiff's claim is subject thereto.

13. Defendant reserves the right to assert additional defenses based on information obtained and/or developed during discovery.

**WHEREFORE**, the Defendant prays that upon final hearing thereof, the Court will enter judgment in favor of the Defendant and against Plaintiff in all things, and dismiss the Complaint in its entirety with prejudice, granting the Defendant judgment, including all costs, charges and fees permitted by law; and for all such other and further relief at law or in equity to which the Defendant may justly be entitled.

Respectfully submitted,

  /s/
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS D.C. Bar # 434122
Assistant United States Attorney

  /s/
BRIAN BALDRATE
Special Assistant United States Attorney
United States Attorneys Office
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
(202) 307-2332

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was served by First-Class Mail, postage prepaid to:

Richard H. Gasperini
GOODMAN, ALLEN & FILETTI, PLLC
4501 Highwoods Parkway
Suite 210
Glen Allen, VA 23060

on this _____ day of November, 2007.

                                                                      /s/
                                            BRIAN BALDRATE
                                            Special Assistant United States Attorney
                                            United States Attorneys Office
                                            Civil Division
                                            555 Fourth St., N.W.
                                            Washington, D.C. 20530
                                            (202) 307-2332